# UNITED STATES DISTRICT COURT
for
NORTHERN DISTRICT OF CALIFORNIA
Oakland Venue

ORIGINAL FILED

JUN 27 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

---

Name of Offender:        Jonathan Paul Linder        Docket No.:  CR 07-00294-01 MJJ

Name of Sentencing Judge:    James Lorenz
United States District Judge
Southern District of California

Date of Original Sentence:    July 25, 2003

Original Offense:
Count One: Importation of Marijuana and Aiding and Abetting, 21 U.S.C. §§ 952 and 960 and 18 U.S.C. § 2, a Class B felony.

Original Sentence: 24 months custody, 4 years supervised release.
Special Conditions: search; not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons; not operate a motor vehicle unless properly licensed to do so; not enter or reside in the Republic of Mexico without written permission of the Court or probation officer; report all vehicles owned or operated or which you have any interest: resolve all outstanding warrants within 120 days.

Prior form(s) 12;

On May 18, 2006, the Southern District of California issued an Petition for Warrant for Offender Under Supervision based on th below listed violations of supervised release. On May 11, 2007, the Northern District of California accepted a Transfer of Jurisdiction from the Southern District of California. Mr. Linder last appeared before the Honorable Wayne D. Brazil on May 25, 2007. At that hearing, the Court set further revocation proceeding before the Honorable Martin J. Jenkins for June 28, 2007.

Type of Supervision: Supervised Release        Date Supervision Commenced: November 10, 2004
Assistant U.S. Attorney: Maureen Besette                    Defense Counsel: Hillary Fox (AFPD)

---

NDC-SUPV-FORM 12C(2) 03/23/05

Jonathan Paul Linder  Page 2
CR 07-00294-01

## Petitioning the Court

To modify the conditions of supervision as follows:

The offender shall participate in the Home Confinement with Electronic Monitoring Program, to include the use of Global Positioning Satellite Systems, and shall abide by all the requirements of the program for a period of 3 months. The defendant shall pay the cost of monitoring at the prevailing rate to be determined by the probation officer. A co-payment amount will then be determined by the probation officer. The defendant is restricted to his residence at all times except for activities which have been pre-approved by the probation officer, including employment, education, religious services, medical, substance abuse, or mental health treatment, attorney visits, court appearances, or court ordered obligations. During the term of home confinement, the defendant shall abstain from the use of alcohol and shall submit to drug or alcohol testing as directed by the probation officer.

| Charge Number | Violation |
|---|---|
| One | There is probable cause to believe that the offender violated the standard condition that while on supervised release, the defendant shall not commit another federal state or local crime. |
| | On January 12, 2006, Mr. Linder was observed by a Sheriff's Deputy riding a bicycle without a light. Mr. Linder did not obey the deputies repeated commands to stop and was finally stopped and taken into custody with the assistance of a police dog. After receiving medical treatment for the dog bite wounds, the offender was cited and released. On January 13, 2006, Mr. Linder reported to the Contra Costa County Sheriffs's Office to retrieve his property. He again was uncooperative and argumentative. All charges have since been dismissed. |
| | Evidence to support this charge is contained in Contra Costa County Sheriff's Department report number 06-1077. |

NDC-SUPV-FORM 12C(2) 03/23/05

| | |
|---|---|
| Two | There is probable cause to believe that the offender violated standard condition number eleven that the defendant shall notify the probation officer within seventy-two hours of being arrested or contacted by law enforcement. |
| | On January 12, 2006, the offender was detained and cited by the Contra Costa County Sheriff's department for traffic infraction related to riding his bicycle. Mr. Linder never reported the contact with law enforcement to his probation officer. |
| | Evidence to support this charge is contained in Contra Costa County Sheriff's Department report number 06-1077. |
| Three | There is probable cause to believe that the offender violated standard condition number two that the defendant shall submit a truthful and complete written report within the first five days of each month. |
| | Mr. Linder failed to report his law enforcement contacts occurring on January 12 and January 13, 2006, on his monthly supervision report submitted on March 3, 2006. The offender has also failed to submit a written monthly report since March 3, 2006. |
| | Evidence to support this charge is contained the United States Probation monthly supervision report for February 2006. |

Jonathon Linder reported to the Northern District of California on November 12, 2004, despite the fact that the United States Probation Office denied his relocation request. The offender completed approximately fourteen months of supervision that included several different technical violations. Those violations consisted of an initial refusal to cooperate with the collection of DNA and the probation officer's inability to verify the offender's address. In January 2006, the offender was detained and cited as listed above. However, he failed to report the law enforcement contact and the Southern District of California issued a Petition for Arrest Warrant for Offender Under Supervision at the request of the Northern District of California. The Court issued the arrest warrant on May 18, 2006. On December 28, 2006, the offender was directed telephonically that he had an outstanding arrest warrant and that he should turn himself in to the United States Marshal's Service. He did not turn himself in as directed and Mr. Linder was arrested by the United States Marshal Service on March 9, 2007.

Jonathan Paul Linder                                                              Page 4
CR 07-00294-01

On June 11, 2007, I met with the offender and we discussed the pending violations. He explained that he was unaware that he had to report the contact with law enforcement and did not discuss the citation with his previous United States Probation Officer because the charges were dismissed. Mr. Linder and I have thoroughly reviewed the Judgement and Commitment Order and we have reviewed all other conditions of supervised release. And although Mr. Linder presents as difficult, I believe that a term of home confinement with electronic monitoring is an appropriate sanction for the listed violations. I have attached a copy of a signed probation form 49, Waiver of Hearing to Modify Conditions of Supervised Release. It is also respectfully recommended that the matter previously set for further revocation proceedings on June 28, 2007, at 2:30 p.m., be removed from the Court's calender.

Assistant United States Attorney Maureen Besette and Assistant Federal Public Defender Hillary Fox have been contacted and there are no objections.

Address of offender:        Dock E-33 Berkeley Marina
                            Berkeley, CA 94719


Respectfully submitted,                              Reviewed by:


_____              _____
Cristopher Taylor                             Daniel Zurita
U.S. Probation Officer                        Supervising U.S. Probation Officer


Date Signed: June 21, 2007

Jonathan Paul Linder                                                                                       Page 5
CR 07-00294-01

THE COURT ORDERS:
☑ To modify the conditions of supervision as follows:

The offender shall participate in the Home Confinement with Electronic Monitoring Program, to include the use of Global Positioning Satellite Systems, and shall abide by all the requirements of the program for a period of 3 months. The defendant shall pay the cost of monitoring at the prevailing rate to be determined by the probation officer. A co-payment amount will then be determined by the probation officer. The defendant is restricted to his residence at all times except for activities which have been pre-approved by the probation officer, including employment, education, religious services, medical, substance abuse, or mental health treatment, attorney visits, court appearances, or court ordered obligations. During the term of home confinement, the defendant shall abstain from the use of alcohol and shall submit to drug or alcohol testing as directed by the probation officer.

☑ The matter previously set for further revocation proceedings on June 28, 2007, at 2:30 p.m., be removed from the Court's calender.

☐ Submit a request for warrant
☐ Submit a request for summons
☐ Other:

_6/26/2007_                                                     _____
Date                                                                     Martin J. Jenkins
                                                                              United States District Judge